IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MARCUS STEFONE MCNEAL, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No.  2:19-cv-1079-MHT-CWB |
| | ) |
| AMERICAN CREDIT | ) |
| ACCEPTANCE, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a Complaint (Doc. 1) filed by Marcus Stefone McNeal, who is proceeding *pro se* and *in forma pauperis*. Pursuant to 28 U.S.C. § 636, Senior United States District Judge Myron Thompson previously referred the case to the Magistrate Judge "for consideration and disposition or recommendation on all pretrial matters as may be appropriate." (Doc. 6). The undersigned now recommends that the case be dismissed without prejudice.

**I.     Introduction**

McNeal commenced this case on December 27, 2019 and makes various allegations in connection with his purchase and financing of a used automobile. (Doc. 1). McNeal has named as defendants: the dealership from which he purchased the automobile; the company to which financing for the purchase was assigned; and various other entities and individuals purportedly associated with the dealership or finance company. (*Id.*). It appears that McNeal is seeking both to have the transaction rescinded and to recover monetary damages. (*Id*. at p. 5). The court previously granted *in forma pauperis* status to McNeal and ordered the Clerk of Court to defer service of process pending a preliminary evaluation under 28 U.S.C. § 1915(e)(2). (Doc. 7).

1

On October 7, 2020, the Magistrate Judge issued an Order informing Plaintiff of certain pleading deficiencies in the Complaint and affording Plaintiff until October 22, 2020 to file an amendment that would bring the Complaint into compliance with Rules 8, 10, and 11 of the Federal Rules of Civil Procedure. (Doc. 8). In addition to providing guidance regarding the necessary content for such an amendment, including the need to aver a proper basis for jurisdiction, the October 7, 2020 Order expressly informed Plaintiff that "failure to submit an amended complaint in compliance with this order may result in a recommendation that this matter be dismissed." (*Id*. at p. 11).

On March 31, 2021, the Magistrate Judge entered a second Order wherein it was noted that Plaintiff had taken no action to comply with the prior Order and that Plaintiff would be given another opportunity to bring the Complaint into compliance by April 16, 2021. (Doc. 9). Plaintiff again was cautioned that "[a]s explained in the court's last order, failure to submit an amended complaint in compliance with Doc. 8 may result in a recommendation that this matter be dismissed." (*Id*.).

Upon review of the docket, the Magistrate Judge observes that no activity has transpired since the second admonition was issued to Plaintiff on March 31, 2021.

**II.    Legal Standard**

Because Plaintiff is proceeding *in forma pauperis,* the court is authorized to engage in a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the court is required to dismiss a complaint if determining that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The court recognizes that *pro se* pleadings "'are held to a less stringent standard than pleadings drafted by attorneys'" and are to be liberally construed. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) (citation omitted). Nonetheless, they still "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And the court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

**III.    Discussion**

Despite the opportunities and warnings provided in this case, Plaintiff has failed to make any effort to cure the deficiencies existing in the Complaint. Nowhere does the Complaint segregate an individual count or identify a particular legal theory as required. Rather, the Complaint is comprised of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The Complaint also fails to specify which of the defendants are responsible for which acts or omissions. All such characteristics have been deemed inadequate under the Federal Rules of Civil Procedure to "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015) (describing the four types of "shotgun pleadings" that fail to meet the requirements of Rule 8 and Rule 10 of the Federal Rules of Civil Procedure); *see also Gotel v. Carter*, No. 21-14030, 2022 WL 433704, at *2 (11th Cir. Feb. 14, 2022) ("The same standard that governs dismissals under Federal Rule of Civil Procedure 12(b)(6) applies to dismissals under § 1915(e)(2)(B)(ii).") (citation omitted).

More problematic is that the Complaint fails to contain allegations sufficient to invoke either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332(a). The jurisdictional pleading deficiencies were discussed at length in the original Order dated October 7, 2020. (Doc. 8). Because federal courts are courts of limited jurisdiction, *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005) (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994)), claims are presumed to "lie[] outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377; *see also Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). When federal jurisdiction has not been properly invoked in an initial pleading, dismissal thus is appropriate under the "frivolous" prong of 28 U.S.C. § 1915(e)(2)(B)(i). *See Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (citing 28 U.S.C. § 1915(e)(2)).

Regardless of the foregoing substantive grounds, however, the record is clear that Plaintiff has shown a blatant disregard for the Orders of October 7, 2020 and March 31, 2021. Because a court has the inherent power to dismiss a case *sua sponte* for failure to prosecute or obey an order, a dismissal would be appropriate on that basis alone. Fed. R. Civ. P. 41(b); *see also Moon*, 863 F.2d at 837; *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

### IV. Conclusion

For the reasons set out herein, the Magistrate Judge hereby RECOMMENDS that the Complaint (Doc. 1) be DISMISSED WITHOUT PREJUDICE.

It is further ORDERED that, by September 16, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice.  11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of September 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**